UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

AKEEM TURNER BEY,

        Plaintiff,

      v.                              CAUSE NO. 3:20-CV-804-DRL-MGG

P. FINCH *et al.*,

        Defendants.

<u>OPINION & ORDER</u>

Akeem Turner Bey, a prisoner without a lawyer, filed a complaint against four defendants. ECF 1. A filing by an unrepresented party "is to be liberally construed, and a *pro se* complaint, however, inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

In his complaint, Mr. Turner Bey alleges that, on March 21, 2020, he told Sgt. P. Finch he needed his laundry and asked her to get his laundry bag. ECF 1 at 2. Two hours later after Mr. Turner Bey had showered, Sgt. Finch still not given him his laundry bag. *Id*. Mr. Turner Bey then asked Sgt. Finch to call a lieutenant, but she refused and threatened to spray mace on him if he did not cuff up. *Id*. As Sgt. Finch escorted Mr. Turner Bey to his cell, she asked him to give her the bag he had in his hand. *Id*. He again asked Sgt. Finch to call a lieutenant and Sgt. Finch responded, "I'll do you one better" and proceeded to call a signal. *Id*. At that point, Mr. Turner Bey asserts

an officer whose name he did not know dragged him backwards by his neck past Sgt. Finch into a cage in front of the officers' station inside of D-Cell House. *Id*. Sgt. Finch then stepped inside the cage and watched him struggle to break free from the unknown officer's chokehold. *Id*. Ofc. Vanderstar was also inside the cage on the left side. *Id*. He asserts that he fell onto Ofc. Vanderstar, hit his teeth on Ofc. Vanderstar's right shoulder, and when he tried to inhale he began to gag, which caused him to bite Ofc. Vanderstar. *Id*. Mr. Turner Bey claims that Ofc. Vanderstar then punched him repeatedly and Sgt. Finch did nothing to stop him. *Id*. Sgt. Finch asked another officer to get the bag Mr. Turner Bey had been carrying and, after searching the bag, he found a bottle of fecal matter. *Id*. He further asserts that Lt. R. Darchuski is also responsible for the situation as he has known about the issues and conflicts Sgt. Finch has caused in the cell house but has done nothing to make the situation better. *Id*. at 2.

Under the Eighth Amendment, prisoners cannot be subjected to cruel and unusual punishment. *See Farmer v. Brennan*, 511 U.S. 825, 833-34 (1994). The "core requirement" for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009) (citation omitted). Several factors guide the inquiry of whether an officer's use of force was legitimate or malicious, including the need for an application of force, the amount of force used, and the extent of the injury suffered by the prisoner. *Id.* Giving Mr. Turner Bey the inferences to which he is entitled at this stage, he has stated an Eighth Amendment

claim of excessive force against Ofc. Vanderstar for repeatedly punching him on March 21, 2020.

To the extent Mr. Turner Bey alleges Sgt. Finch failed to intervene when Ofc. Vanderstar assaulted him, state actors "who have a realistic opportunity to step forward and prevent a fellow [state actor] from violating a plaintiff's right through the use of excessive force but fail to do so" may be held liable. *Miller v. Smith*, 220 F.3d 491, 495 (7th Cir.2000) (citing *Yang v. Hardin*, 37 F.3d 282, 285 (7th Cir. 1994). Here, it can be plausibly inferred that Ofc. Vanderstar's alleged use of excessive force—his repeated punching of Mr. Turner Bey—lasted long enough for Sgt. Finch to intervene and stop the assault. Giving Mr. Turner Bey the inferences to which he is entitled at this stage, he has stated an Eighth Amendment claim against Sgt. Finch for allegedly failing to intervene when Ofc. Vanderstar assaulted him.

Mr. Turner Bey has also sued Lt. Darchuski asserting that he too is responsible for the assault because he allegedly knew about the conflicts Sgt. Finch had with inmates in the cell house. ECF 1 at 2. A lawsuit against an individual pursuant to § 1983 requires "personal involvement in the alleged constitutional deprivation to support a viable claim." *Palmer v. Marion Cty.*, 327 F.3d 588, 594 (7th Cir. 2003). There is no general *respondeat superior* liability under 42 U.S.C. § 1983. *Burks v. Raemisch,* 555 F.3d 592, 594 (7th Cir. 2009). Because Lt. Darchuski was not personally involved in the assault and also cannot be held liable simply because he supervises other correctional officers, Mr. Turner Bey cannot proceed against him.

Furthermore, Mr. Turner Bey's claim against the unknown officer cannot proceed. As a practical matter, his case cannot proceed against an unnamed defendant. *See Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) ("[I]t is pointless to include lists of anonymous defendants in federal court; this type of placeholder does not open the door to relation back under Fed. R. Civ. P. 15, nor can it otherwise help the plaintiff."). Therefore, Mr. Turner Bey cannot be permitted to proceed against the unknown officer.

For these reasons, the court:

(1) GRANTS Akeem Turner Bey leave to proceed against Ofc. Vanderstar in his individual capacity for monetary damages, for using excessive force when Ofc. Vanderstar repeatedly punched him on March 21, 2020, in violation of the Eighth Amendment;

(2) GRANTS Akeem Turner Bey leave to proceed against Sgt. Finch in her individual capacity for monetary damages, for failing to intervene when Ofc. Vanderstar repeatedly punched him on March 21, 2020, in violation of the Eighth Amendment;

(3) DISMISSES all other claims;

(4) DISMISSES Lt. R. Darchuski and the unknown officer;

(5) DIRECTS the clerk to request Waiver of Service from (and if necessary, the United States Marshals Service to serve process on) Ofc. Vanderstar and Sgt. P. Finch at the Indiana Department of Correction with a copy of this order and the complaint (ECF 1), pursuant to 28 U.S.C. § 1915(d);

4

(6) ORDERS the Indiana Department of Correction to provide the United States Marshals Service with the full name, date of birth, social security number, last employment date, work location, and last known home address of each defendant, if they do not waive service, if it has such information; and

(7) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), that Ofc. Vanderstar and Sgt. P. Finch respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

December 23, 2020                          *s/ Damon R. Leichty*
                                           Judge, United States District Court