UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| AKEEM TURNER BEY, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:20-CV-804 DRL-MGG |
| P. FINCH *et al.*, | |
| Defendants. | |

OPINION AND ORDER

Akeem Turner Bey, a prisoner without a lawyer, filed an amended complaint. ECF 39. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Under 28 U.S.C. § 1915A, the court still must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant.

As in his original complaint, Mr. Turner Bey alleges that, on March 21, 2020, he told Sgt. P. Finch he needed his laundry and asked her to get his laundry bag. ECF 39 at 1. When Sgt. Finch escorted him to the shower that evening, he told her he would sit in the shower until his clothes were found. *Id.* at 2. After Sgt. Finch returned to the shower area to escort Mr. Turner Bey back to his cell, she still did not have his laundry bag. *Id.* Because she did not have his clothes, he asked Sgt. Finch to call a lieutenant. *Id.* Sgt. Finch then left the shower area and, after returning with Ofc. Vanderstar, she threatened to

spray him with mace if he did not cuff up. *Id*. He complied with Sgt. Finch's order and was cuffed behind his back. *Id*. As he was being escorted back to his cell, Sgt. Finch and Ofc. Vanderstar stopped in the suicide companion area and asked Mr. Turner Bey to give them the bag he was carrying in his hand. *Id*. However, he refused to hand over his bag and asked Sgt. Finch to again call a lieutenant. *Id*. Sgt. Finch responded by stating, "I'll do you one better" and proceeded to call a signal. *Id*. At that point, Mr. Turner Bey asserts that Officer John Doe choked him from behind and pulled him backwards by his neck into a nearby holding cell until he was able to break free. *Id*. Sgt. Finch, who was in the holding cell, saw Officer Doe assault him and observed Ofc. Vanderstar repeatedly punch him in the face but did nothing to stop either assault. *Id*. Mr. Turner Bey states that Ofc. Vanderstar and Officer Doe also saw each other assault him but did nothing to stop the assaults. *Id*.

Under the Eighth Amendment, prisoners cannot be subjected to cruel and unusual punishment. *See Farmer v. Brennan*, 511 U.S. 825, 833-34 (1994). The "core requirement" for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009) (citation omitted). Several factors guide the inquiry of whether an officer's use of force was legitimate or malicious, including the need for an application of force, the amount of force used, and the extent of the injury suffered by the prisoner. *Id.* Giving Mr. Turner Bey the inferences to which he is entitled at this stage, he has stated an Eighth Amendment claim of excessive force against Ofc. Vanderstar for repeatedly punching him on March 21, 2020.

To the extent Mr. Turner Bey alleges Sgt. Finch failed to intervene when Ofc. Vanderstar assaulted him, state actors "who have a realistic opportunity to step forward and prevent a fellow [state actor] from violating a plaintiff's right through the use of excessive force but fail to do so" may be held liable. *Miller v. Smith*, 220 F.3d 491, 495 (7th Cir.2000) (citing *Yang v. Hardin*, 37 F.3d 282, 285 (7th Cir. 1994). Here, it can be plausibly inferred that Ofc. Vanderstar's alleged use of excessive force—his repeated punching of Mr. Turner Bey—lasted long enough for Sgt. Finch to intervene and stop the assault. Giving Mr. Turner Bey the inferences to which he is entitled at this stage, he has stated an Eighth Amendment claim against Sgt. Finch for failing to intervene when Ofc. Vanderstar assaulted him.

Mr. Turner Bey further alleges that Sgt. Finch and Ofc. Vanderstar were conspiring together to violate his rights and acting based on a retaliatory motive. Here, the alleged acts of conspiracy and retaliation are the same acts underlying the Eighth Amendment claim. Proceeding on different constitutional theories based on the same facts is redundant. *See Hambright v. Kemper*, 705 F. Appx. 461, 462 (7th Cir. 2017) (affirming dismissal of Eighth Amendment claim because the same facts comprised a more applicable First Amendment claim); *Conyers v. Abitz*, 416 F.3d 580, 586 (7th Cir. 2005) (dismissing additional claims based on same circumstances because the claim "gains nothing by attracting additional constitutional labels"); and *Graham v. Connor*, 490 U.S. 386, 395 (1989) (analyzing allegations under the most "explicit textual source of constitutional protection"). Here, the most explicit constitutional provision is the Eighth

3

Amendment. Mr. Turner Bey would gain nothing by proceeding on duplicate claims of conspiracy or retaliation, so he may not proceed on these claims.

Mr. Turner Bey's claim against Officer John Doe cannot proceed. As a practical matter, his case cannot proceed against an unnamed defendant. *See Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) ("[I]t is pointless to include lists of anonymous defendants in federal court; this type of placeholder does not open the door to relation back under Fed. R. Civ. P. 15, nor can it otherwise help the plaintiff."). Therefore, Mr. Turner Bey cannot be permitted to proceed against Officer John Doe.

Because Mr. Turner Bey's complaint alleges essentially the same facts as his original complaint, he will proceed on the same claims he was granted leave to proceed on previously.

For these reasons, the court:

(1) GRANTS Akeem Turner Bey leave to proceed against Ofc. Vanderstar in his individual capacity for monetary damages, for using excessive force when Ofc. Vanderstar repeatedly punched him on March 21, 2020, in violation of the Eighth Amendment;

(2) GRANTS Akeem Turner Bey leave to proceed against Sgt. Finch in her individual capacity for monetary damages, for failing to intervene when Ofc. Vanderstar repeatedly punched him on March 21, 2020, in violation of the Eighth Amendment;

(3) DISMISSES all other claims;

(4) DISMISSES Officer John Doe; and

(5) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), that Ofc. Vanderstar and Sgt. P. Finch respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

February 9, 2022                               *s/ Damon R. Leichty*
                                               Judge, United States District Court